IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03515-BNB

DELMART "E.J.M" VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II,
LIEUTENANT S. MORGAN, BVCF/North Unit,
SERGEANT G. WOOD, BVCF/North Unit,
CASE MANAGER J. HANSEN, BVCF/North Unit,
D. COTTEN, Administrative Services Manager,
W. BRUNELL, Associate Warden,
J. DAVIS, Warden, and
RICHARD RAEMISCH, Executive Director,

    Defendants.

ORDER

    Plaintiff, Delmart "E.J.M." Vreeland, II, is in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On December 30, 2013, Plaintiff filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §§ 1343 and 1367. The Court granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 on February 18, 2014.

    The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

The Complaint improperly combines a number of separate and unrelated claims against different defendants. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified three different incidents. The incidents involve the alleged actions of various defendants and issues including (1) denial of copies and access to telephone recordings; (2) retaliation for filing grievances and complaints; and (3) challenge to DOC administrative regulations.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against

misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).  Nonetheless, the Court will refrain from dropping or severing parties at this time because Plaintiff must submit an Amended Complaint consistent with the joinder requirements of the Federal Rules of Civil Procedure.

Also, pursuant to the Court's instructions for filing a prisoner complaint, a complaint, including the form and additional pages used to complete the form, may not exceed thirty pages.  Plaintiff's Complaint is thirty-six pages long.  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the misjoinder of parties and claims pursuant to Fed. R. Civ. P. 21.

DATED February 18, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge