IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03515-BNB

DELMART E.J.M. VREELAND, II,

    Plaintiff

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena
    Vista Correctional Facility, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

---

## ORDER OF DISMISSAL

---

On December 30, 2013, Plaintiff, Delmart E.J.M. Vreeland, II, initiated this action by filing *pro se* a Prisoner Complaint that challenges the conditions of his confinement and submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff, however, failed to provide a certified trust fund account statement for the six months immediately preceding the filing of this action, which he is required to do pursuant to 28 U.S.C. § 1915(a)(2). When Magistrate Judge Boyd N. Boland directed Plaintiff to cure this deficiency, he filed the statement, but the statement was not certified. At the same time, Plaintiff submitted a Motion for Order, ECF No. 5, requesting that the Court allow his family to make monthly $50 payments for eight months.

The Court denied the Motion for Order and directed Plaintiff either to pay the $400 filing fee in full or confirm to the Court that he desires to comply with 28 U.S.C.

§ 1915(b)(2).  *See* ECF No. 6.  Plaintiff then filed a Notification confirming his agreement with § 1915(b)(2), and the Court granted him leave to proceed pursuant to § 1915, noting that he was able to pay an initial partial filing fee of $52.00.

Magistrate Judge Boland then directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 20(a)(2).  *See* ECF No. 9.  Plaintiff filed an objection to the Order, claiming that all parties are properly joined.  This Court overruled Plaintiff's Objection and directed him to file an Amended Complaint that complies with Magistrate Judge Boland's February 18 Order.  Finally on April 7, 2014, Plaintiff filed an Amended Complaint.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Plaintiff states two claims, including a denial of access to the courts and retaliation.  Plaintiff contends that Defendant Schwartz denied him photocopies and access to tape recordings in retaliation for his filing grievances and civil complaints against her.  Plaintiff seeks money damages against Defendant Celia Schwartz and declaratory and injunctive relief against Defendants Schwartz and Colorado Department of Corrections.  The Court will dismiss this action as legally frivolous for the reasons stated below.

1. Access to the Courts

Plaintiff asserts that his attorney was willing to send to him tape recordings of calls that were illegally recorded by the state prior to his trial. Am. Compl. at 7. Plaintiff claims that he needed to review these recordings for the purpose of his postconviction litigation in state and federal court and that the recordings include evidence that the state asked witnesses to lie for the state and offered a deal to Plaintiff's codefendant. *Id.* Plaintiff also asserts that he needs to review the calls and use the information in his postconviction petitions in his Florida and Michigan convictions (convictions used to enhance his Colorado conviction) to show illegal use of and a violation of plea agreements in those state convictions. *Id.* at 8. Plaintiff further asserts that Defendant Schwartz told him that he could have only four tapes at one time, he would have to have the VCR tapes converted to DVD's, and the tapes would have to be perused for security reasons. *Id.* at 9. Plaintiff concludes that because he refused to waive his attorney client privilege and allow Defendant Schwartz to listen to the recordings he was denied access to the recordings, and as a result he was denied access to the courts because he could not use the exculpatory evidence in his postconviction review actions filed in state and federal courts. *Id.* at 15.

Plaintiff concludes that he has been denied access to criminal court discovery materials that are required for his postconviction litigation and that the tapes include exculpatory evidence which could reverse his State of Colorado criminal court convictions. Am. Compl. at 10.

The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*,

418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349-353 (1995). "The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than protecting the ability of an inmate to prepare a petition or a complaint.' " *See Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). "Once an inmate gains access to the court through a properly prepared and filed initial pleading, the court will then be in a position to determine whether the claim has any merit and whether the issues raised are unusually complex." *See Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). The district court then has discretion to appoint counsel if necessary. *Id.* Prison authorities, however, are not required to enable a prisoner to "*discover* grievances and to litigate *effectively* once in court." *Casey*, 518 U.S. at 354. Furthermore, inmates are not guaranteed the "wherewithal to file any and every type of legal claim" but only "provided with the tools to attack their sentences, directly or collaterally." *Id.* at 355.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

Plaintiff does not assert that he was unable to initiate a postconviction motion in

4

the State of Colorado.  His claim addresses his inability to litigate *effectively* once he is in court by being denied criminal court discovery materials that include exculpatory evidence which could reverse his State of Colorado criminal court convictions.  Plaintiff concedes that he has already listened to as many of the calls included in the recordings as he could in a twenty-four hour period prior to his trial.  Plaintiff asserts there are 5,102 calls included in the twenty-three compact discs, at least one of the calls involves the Douglas County Sheriff's Office and District Attorney offering a deal to Plaintiff's codefendant if he would testify, and the calls revealed the state asked witnesses to lie. Am. Compl. at 6-7.  Nothing Plaintiff asserts supports a finding that he was unable to initiate a nonfrivolous action challenging his criminal conviction in Colorado.

Furthermore, Plaintiff's access claim is belied by the 28 U.S.C. § 2254 application that he filed in this Court and that was dismissed for failure to exhaust state court remedies.  *See Vreeland v. Davis, et al.*, No. 12-cv-02039-LTB, ECF No. 1 (D. Colo. Feb. 26, 2013) (The application is a 285-page pleading.  Plaintiff concedes that all claims presented in the application have been presented in his direct appeal or will be presented, if necessary in a Colo. R. Crim. P. 35(c) postconviction motion).  In the application, Plaintiff readily identified the subject of the recordings; he specifically asserted that one of the recorded telephone calls between a state's witness and investigator supported a finding of fabricated evidence and his attempts during trial to use the recordings to establish fabricated statements by witnesses were denied by the trial court because the recordings were suppressed as irrelevant.  *Id.*, ECF No. 1-1 at 64.  The Court finds that Plaintiff either was able in his § 2254 habeas application in this Court or will be able in any state postconviction motion to initiate a nonfrivolous case and sufficiently plead his recording claim based on the claims he set forth in Case No.

5

12-cv-02039-LTB in this Court.

Plaintiff, therefore, has failed to assert any prejudice due to his inability to access the recordings and as a result has failed to state an actual injury. *See Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (the prejudice from the interference with a plaintiff's legal mail must be directly and inextricably tied to the adverse disposition of his underlying case). Based on the above findings, Plaintiff has failed either to assert the violation of a legal interest or to state facts that support an arguable claim. Plaintiff's access claim as it pertains to Plaintiff's ability to proceed in his postconviction proceedings in the State of Colorado, therefore, will be dismissed as legally frivolous.

Plaintiff's denial of access to the courts claims regarding his Florida and Michigan criminal cases also will be dismissed. Plaintiff states in Claim One of the Amended Complaint that "Defendant Schwartz's actions in denying [him] access to the VCR tapes impeded [his] non-frivolous post conviction review claims in both state and federal courts in . . . Michigan[ ] and Florida." Am. Compl. at 17. In Claim Two of the Amended Complaint, Plaintiff asserts that Defendant Schwartz's actions caused him the "loss of the right to plead cases based upon statute of limitation statutes and claims." *Id.* at 21.

First, these specific allegations in both claims are conclusory and vague. Second, even if the Court were to consider the alleged facts Plaintiff asserts in the Nature of Suit section of the Amended Complaint, the factual allegations do not support an arguable claim.

Plaintiff entered a plea in each of these cases either in 1996 or before, *see Vreeland v. Griggs*, No. 12-cv-01921-PAB-KMT, ECF No. 55-1 at 22 (D. Colo. Filed July 23, 2012), and his attempts to file either postconviction or direct appeal pleadings to challenge the pleas were filed prior to October 21, 2011, in the Michigan case, *id.* at

169, and prior to September 24, 2012, in the Florida case, *id.* at 188. Plaintiff also asserts in the amended complaint he filed on March 25, 2013, in Case No. 12-cv-01921-PAB-KMT, ECF No. 55-1, that due to the denial of access to legal documents sent to him in June 2012, his direct appeal in his Michigan case is time barred, *id.* at 24, and he has been unable to file a timely postconviction motion in the Florida court , *id.* at 23.

The claims in this action pertain to the denial of tape recordings that were sent to Plaintiff in June 2013. Plaintiff asserts he intended to use the recordings for his postconviction review petitions in his Florida and Michigan criminal cases to show the illegal use and violation of his plea agreements in these cases. Am. Compl., ECF No. 12 at 8. Nothing Plaintiff asserts in this case indicates that the denial of the tape recordings barred him from filing a postconviction or direct appeal in his Florida or Michigan cases. The use of the recordings by Plaintiff only enables him to "*discover* grievances and to litigate *effectively* once in court." *Casey*, 518 U.S. at 354. Furthermore, Plaintiff is not guaranteed the "wherewithal to file any and every type of legal claim" but only "provided with the tools to attack [his] sentences, directly or collaterally." *Id.* at 355. Because the denial of access to the recordings did not cause any alleged limitations bar to filing a postconviction motion or direct appeal in his Michigan and Florida cases, and because the use of the information to be obtained only enables him to discover grievances and to litigate effectively, Plaintiff's denial of access claim pertaining to his Michigan and Florida case will be denied as legally frivolous.

2. Retaliation

Plaintiff asserts that Defendant Schwartz refused to provide photocopies for him and denied access to criminal discovery in retaliation for Plaintiff filing grievances and civil actions against her.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Plaintiff must demonstrate that (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Plaintiff has failed to meet the second prong of the test. Plaintiff fails to assert an injury or that he has been unable to continue filing grievances or a civil complaint against Defendant Schwartz. This case is an example of Plaintiff's ability to challenge Defendant Schwartz's actions. Also, in this action, Plaintiff asserts that he was able to exhaust his grievances against Defendant Schwartz for denying the photocopies and the recordings, along with several other challenges to her violations of his constitutional rights. Since June 2013, when the alleged retaliation took place, Plaintiff has filed both this case and Case No. 13-cv-02422-PAB-KMT. Plaintiff further asserts in this case and in Case No. 13-cv-02422-PAB-KMT that he has been able to file grievances to exhaust his administrative remedies. Finally, even though Plaintiff claims that his grievance and appeals against Defendant Schwartz for the alleged retaliation was unnumbered and returned to him denied, Plaintiff does not claim Defendant Schwartz was responsible for denying and failing to number the grievance or appeal. Finally, the denial of a grievance, *per se*, is not a violation of Plaintiff's First

Amendment rights. Plaintiff's retaliation claim, therefore, will be dismissed as legally frivolous.

3. Photocopies/Administrative Regulation

Plaintiff does not assert the denial of photocopies as a separate claim, but in the relief section of the Amended Complaint, ECF No. 12, at 24, Plaintiff seeks declaratory and injunctive relief against both named defendants regarding the constitutionality of Administrative Regulation (AR) 750-01 as it pertains to providing inmates with photocopies of pleadings to be filed in court. Plaintiff requests that the Court declare the Colorado Department of Corrections (DOC) AR 750-01 unconstitutional and order an update of the regulation.

First, any claim against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law; but Plaintiff must assert a claim for prospective relief against an individual state officer. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Defendant Colorado Department of Corrections, therefore, is an improper party to this action and

will be dismissed.

Second, even if Plaintiff was granted leave to amend to name an individual state officer regarding his photocopy claim and alleged unconstitutional claim for prospective relief, or the Court were to find that Defendant Schwartz is a properly named state officer, his claim that AR 750-01 is unconstitutional and should be updated is legally frivolous.

Plaintiff contends that AR 750-01 violates his First Amendment rights because the policy restricts the amount of photocopies an inmate may purchase for legal pleadings. Plaintiff does not have a *per se* constitutional right to photocopies. Plaintiff also appears to assert that Defendant Schwartz misinterpreted AR 750-01 when she denied his request for photocopies of his amended complaint in Case No. 12-cv-01921-PAB-KMT. *See* Am. Compl. at 17. Plaintiff's claim still lacks merit because a failure to comply with AR750-01, alone, does not state a violation of Plaintiff's constitutional rights. In *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation."

Plaintiff also fails to assert an injury based on any denial of photocopies. In fact, Plaintiff concedes that a forty-three page amended complaint that Defendant Schwartz refused to copy on March 21, 2013, was accepted by the Court and his only frustration in filing the amended complaint was that he had to "use his resources and prepare an unnecessary pleading to explained [sic] the lack of service of the amendment upon all parties." *See* Am. Compl., ECF No. 12, at 17. Furthermore, on the same day Plaintiff filed a notice, ECF No. 57, in Case No. 12-cv-01921-PAB-KMT that he was denied photocopies and was not able to serve copies of his amended complaint on defendants,

Plaintiff filed a 196-page amended complaint, ECF No. 55-1, and certified that he had served one copy of the amended complaint on the Colorado Attorney General's Office on March 21, 2013, *id.* at 44. Plaintiff's photocopy claim, therefore, will be dismissed as legally frivolous.

4. Conclusion

In conclusion, the Court finds that Plaintiff fails to state a nonfrivolous claim in this action and that dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of    June   , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court