IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03515-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena Vista Correctional Facility,
LIEUTENANT S. MORGAN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
SERGEANT G. WOOD, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
CASE MANAGER JEFF HANSEN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
DAVID COTTEN, Administrative Service Manager, Colorado Department of Corrections, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Colorado Department of Corrections, Buena Vista Correctional Facility, and
JOHN DAVIS, Warden, Colorado Department of Corrections, Buena Vista Correctional Facility,

    Defendants.

# ORDER

This matter is before the Court on Magistrate Judge Kathleen M. Tafoya's denial in part of Plaintiff's Motion to Compel Production of Paper and Electronically Stored Documents Colorado Department of Corrections Administrative Regulations and Additional Oral Deposition Testimony After Production of Same [Docket No. 87] and denial of Plaintiff's Motion for Sanction for Failure to Appear at Oral Deposition and Failure to Respond at All or Properly to Plaintiff's First Set of Requests to Produce

Documents and Responses to Interrogatories Which Impeded Oral Depositions on November 28, 29, and 30, 2016 for Improper Responses by Defendant's Counsel When Notified that Plaintiff was Filing a Second Motion to Compel and Defendant's and Defendant's Counsel's Failure to Comply with Discovery and the Federal Rules of Civil Procedure and Local Court Rules [Docket No. 91]. Judge Tafoya ruled on these motions at a hearing on February 8, 2017. Docket No. 106. On March 6, 2017 plaintiff filed Objections to Magistrate Judge Rulings on Motion to Compel and Motion for Sanctions, (Doc No. 87 and 91) [Docket No. 119]. In light of plaintiff's pro se status, the Court construes his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

When the magistrate judge issues an order on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." United States v. One Parcel of Real Property Known As 2121 East 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." See id. at 1059 (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. See Summers v. Utah, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Plaintiff does not argue that his objections are timely, and they are not. The magistrate judge issued her orders on his motions in open court with plaintiff present on February 8, 2017, reminding plaintiff that he had a limited time to file objections. Docket No. 106 at 2.[1] Plaintiff requested, and the Court granted, an extension through March 3, 2017 to file his objections. Docket Nos. 114, 115. Nonetheless, plaintiff's objections were untimely filed on March 6, 2017. *See* Docket No. 119 (showing that objections were filed on March 6, 2017).[2] Thus, plaintiff's objections are untimely and he is not entitled to review under the less deferential standard provided in Rule 72(a). *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

In this matter, the Court has reviewed the magistrate judge's orders to satisfy

---

[1] The courtroom minutes indicate the following: "Plaintiff states objections. [Magistrate Judge] reminds Plaintiff he has 10 days to file any objections, as discussed." Docket No. 106 at 2. Under Rule 72(a), plaintiff would normally have 14 days to file objections, but plaintiff received an extension granting a total of 23 days. Docket Nos. 114, 115.

[2] Plaintiff's objections do not show that plaintiff complied with the prison mailbox rule by either (1) using the legal mail system or (2) attaching a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage. Docket No. 119 at 13 (lacking certification under penalty of perjury); *Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005); *see also Green v. Snyder*, 525 F. App'x 726, 729 (10th Cir. 2013) (unpublished) (finding objections untimely where the prisoner's certificate of mailing did not comply with the prison mailbox rule).

itself that there is "no clear error on the face of the record."[3]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  The Court finds no clear error with respect to the magistrate judge's orders.  The Court will therefore overrule plaintiff's objections.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objections to Magistrate Judge Rulings on Motion to Compel and Motion for Sanctions, (Doc No. 87 and 91) [Docket No. 119] are **OVERRULED**.

DATED June 16, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).