IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03515-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena Vista Correctional Facility,
LIEUTENANT S. MORGAN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
SERGEANT G. WOOD, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
CASE MANAGER JEFF HANSEN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
DAVID COTTEN, Administrative Service Manager, Colorado Department of Corrections, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Colorado Department of Corrections, Buena Vista Correctional Facility, and
JOHN DAVIS, Warden, Colorado Department of Corrections, Buena Vista Correctional Facility,

    Defendants.

# ORDER

This matter is before the Court on plaintiff Delmart E.J.M. Vreeland, II's objections to two orders entered by Magistrate Judge Kathleen M. Tafoya on May 15, 2017. Docket Nos. 145, 146. The magistrate judge granted the Motion to Quash Supboena [sic] to Testify at a Deposition in a Civil Action [Docket No. 123] filed by Dea Aragon and the Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civion [sic] Action [Docket No. 132]

filed by the District Attorney's Office for the 18th Judicial District. On June 8, 2017, plaintiff filed "Objections to Magistrate Orders Docket Numbers 145 and 146." Docket No. 154. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Plaintiff is an inmate in the Colorado Department of Corrections ("CDOC"). Docket No. 35 at 7-8. He was convicted after a trial in Douglas County, Colorado in 2006. *Id*. Plaintiff's amended complaint contains claims pursuant to 42 U.S.C. § 1983, including two claims for retaliation against defendant Celia Schwartz, a legal assistant at CDOC's Buena Vista Correctional Facility. Docket No. 35 at 11-18. In his first claim, plaintiff alleges that Ms. Schwartz opened and read a package sent to plaintiff by his attorney that contained legal mail and sealed court transcripts. *Id*. at 11. She then allegedly lied about the contents of the package, which "caused it to be rejected," denying plaintiff access to it. *Id*. at 12. The Court dismissed this claim as barred by the statute of limitations. Docket No. 68 at 6, 11. Plaintiff's third claim alleges that Ms. Schwartz told him she would not allow him to review various tapes and videos related to plaintiff's legal claims in the prison's law library and that she would deny him access to the law library. Docket No. 35 at 15. He claims that she suggested that he have his attorney bring the materials to the visiting room or have the attorney review them, but plaintiff states that doing so is too expensive. *Id*. at 15, 17.

Plaintiff served two subpoenas on third parties that he argues are related to his retaliation claims. First, plaintiff subpoenaed Dea Aragon, one of the Douglas County

2

Sheriff's deputies involved in the investigation leading to plaintiff's conviction, to testify and produce all discovery materials relating to plaintiff's criminal case and a copy of all recordings of his telephone calls from prison. Docket No. 123-1 at 1; Docket No. 145 at 5. On Ms. Aragon's motion, the magistrate judge quashed this subpoena, finding that the testimony and discovery materials sought are irrelevant to plaintiff's claims because the materials are not what plaintiff claims his attorney mailed to him and, regardless, the content of material that plaintiff was denied access to is irrelevant to whether such denial was retaliatory. Docket No. 145 at 6.

Second, plaintiff subpoenaed the District Attorney's Office for the 18th Judicial District to produce the same materials he requested from Ms. Aragon, as well as discovery materials from a 2013 criminal proceeding against Robert Michael French, who was listed as a witness against plaintiff at his criminal trial. Docket No. 133 at 3; Docket No. 146 at 6. On the motion of the District Attorney's Office, the magistrate judge quashed the subpoena, finding that the discovery materials from plaintiff's criminal case lack relevance to his claims in this case. Docket No. 146 at 7. The magistrate judge also found that discovery materials relating to Mr. French's criminal proceeding lack any relevance to plaintiff's claims and stated that "plaintiff clearly is seeking documents in this case in order to once again try to attack his underlying conviction." Docket No. 146 at 8.

When a magistrate judge issues an order on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is

3

contrary to law." *Id*. "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Plaintiff objects to the magistrate judge's orders, claiming that he has a right to the information pursuant to Colo. R. Crim. P. 16 and the Federal Rules of Civil Procedure. Docket No. 154 at 4. Plaintiff argues that the "denial of the depositions and production of documents dooms this case as Plaintiff cannot prove the materials he claims the defendants denied him access to exist and are relevant and caused damages." *Id*. Plaintiff's objections are unpersuasive. The Colorado Supreme Court has held that Colo. R. Crim. P. 16 does not apply to post-trial discovery. *Roybal v. People*, 493 P.2d 9, 14 (Colo. 1972) ("This motion was purportedly made pursuant to Colo. R. Crim. P. 16(a) and (b). We note the rule relied upon relates only to pretrial discovery and not to post-trial discovery."). Hence, because plaintiff's criminal trial has

concluded, Colo. R. Crim. P. 16 does not provide plaintiff with any right to the materials that plaintiff seeks to subpoena.

Additionally, the Court finds no error in the magistrate judge's conclusion that a subpoena may be quashed under the Federal Rules of Civil Procedure if the material sought is irrelevant. Plaintiff does not claim that the materials he now seeks were in the package sent to him by his attorney. *See* Docket No. 154 at 4. In fact, plaintiff provides no reason to believe that the discovery materials are relevant to his retaliation claims. A court may quash a third party subpoena if the materials sought are irrelevant. *See Barton v. Tomecek*, 2012 WL 3730066, at *6 (N.D. Okla. Aug. 28, 2012) (quashing third party subpoena due to a failure to establish relevance); *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-cv-02007-MSK-KLM, 2012 WL 1801979, at *7 (D. Colo. May 16, 2012) ("Rule 26 governs the scope of discovery, in the context of a Rule 45 subpoena or otherwise." (citing 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Fed. Prac. & Proc. Civ.* § 2452 (3d ed. 2008))). The Court will therefore overrule plaintiff's objections.

The Court has reviewed portions of the magistrate judge's orders that plaintiff does not specifically object to and has determined that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

For the foregoing reasons, it is

**ORDERED** that the objections contained in plaintiff's "Objections to Magistrate

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Orders Docket Numbers 145 and 146" [Docket No. 154] are **OVERRULED**.

DATED November 28, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge