IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03515-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena Vista Correctional Facility,
LIEUTENANT S. MORGAN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
SERGEANT G. WOOD, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
CASE MANAGER JEFF HANSEN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
DAVID COTTEN, Administrative Service Manager, Colorado Department of Corrections, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Colorado Department of Corrections, Buena Vista Correctional Facility, and
JOHN DAVIS, Warden, Colorado Department of Corrections, Buena Vista Correctional Facility,

    Defendants.

## ORDER

This matter is before the Court on plaintiff Delmart E.J.M. Vreeland, II's Motion to Judge Philip A. Brimmer to Reconsider a Portion of the Court's Order (Doc. No. 68) as it Pertained to Dismissal of Defendant Jeff Hansen [Docket No. 177]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The Federal Rules of Civil Procedure do not expressly provide for motions for

reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). It is, however, within the Court's discretion to reconsider its rulings. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). When doing so, the Court considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Vigil v. Colorado Dep't. of Corrections*, No. 09-cv-01676-PAB-KLM, 2011 WL 1518660, at *1 (D. Colo. Apr. 20, 2011); *cf. Servants of the Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted).

Plaintiff requests that the Court reconsider its decision to dismiss the claims against defendant case manager Jeff Hansen. Docket No. 177 at 4. Plaintiff argues that the Court "dismissed the Plaintiff's assertions of retaliation by way of transfer out of the [Buena Vista Correctional Facility] by Defendant Jeff Hansen." *Id*. at 2, ¶ 4.

Plaintiff misreads the Court's order. Plaintiff's amended complaint contained two claims against Mr. Hansen: claim four, which alleged that plaintiff was fired from his prison job in retaliation for protected activity, and claim five, which alleged that plaintiff was transferred to a different facility in retaliation for protected activity. Docket No. 35 at 19-27. The Court dismissed claim four with respect to Mr. Hansen because it merely

2

alleged that Mr. Hansen denied grievances related to plaintiff's firing, which does not state a claim for retaliation. Docket No. 68 at 10 (citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009)). The Court did not dismiss plaintiff's fifth claim. *Id*. at 11-12.

Plaintiff argues that the Court should reconsider its order and reinstate his claims against Mr. Hansen because of evidence recently produced to plaintiff in discovery. Docket No. 177 at 2, ¶¶ 7-9. Plaintiff specifically refers to two documents. *Id*. The first document is a note by Mr. Hansen, written after plaintiff was transferred, stating that "Vreeland was not kicked out of the Incentive Unit" and instead was "moved by Offender Services." *Id*. at 5. The second document is a report from Mr. Hansen's co-worker stating that, while plaintiff was being prepared for transfer to the new facility, "CM Hansen came up to me and said 'isn't that great, how I finally got him out of here'" and stating that Mr. Hansen "went on to describe how unhappy Vreeland was when [Mr. Hansen] had him sign the paperwork." *Id*. at 6.

Plaintiff claims that both of these documents are evidence that his transfer was retaliatory, i.e., that they are related to his fifth claim, which remains in the case. *Id*. at 3, ¶ 13 ("[T]his newly discovered document/statement . . . establishes that Hansen did in fact cause the transfer of Plaintiff, and did so to retaliate against Plaintiff, i.e., to 'get him out of here', because of law suits and griavances [sic] against Hansen and other defendants."); *see also* Docket No. 177 at 3, ¶ 11. Plaintiff does not explain, however, how either document supports the allegations in his fourth claim that Mr. Hansen retaliated against plaintiff in relation to being fired. Docket No. 177 at 3, ¶ 14. As

noted above, that claim was dismissed with respect to Mr. Hansen because Mr. Hansen was not involved in the firing itself and was only alleged to have denied related grievances.  Docket No. 68 at 10.  Thus, plaintiff has not shown that the dismissal of plaintiff's fourth claim against Mr. Hansen was clearly erroneous even in light of the newly produced evidence.  Therefore, the Court will deny plaintiff's motion.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Judge Philip A. Brimmer to Reconsider a Portion of the Court's Order (Doc. No. 68) as it Pertained to Dismissal of Defendant Jeff Hansen [Docket No. 177] is **DENIED**.

DATED February 7, 2018.

> BY THE COURT:
>
>  s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge