IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 13-cv-03515-PAB-KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena Vista Correctional Facility,
LIEUTENANT S. MORGAN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
SERGEANT G. WOOD, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
CASE MANAGER JEFF HANSEN, BVCF/North Unit Colorado Department of Corrections, Buena Vista Correctional Facility,
DAVID COTTEN, Administrative Service Manager, Colorado Department of Corrections, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Colorado Department of Corrections, Buena Vista Correctional Facility, and
JOHN DAVIS, Warden, Colorado Department of Corrections, Buena Vista Correctional Facility,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff Objections to Magistrate Recommendations (Doc. 213) [Docket No. 217] filed by plaintiff Delmart E.J.M. Vreeland, II. Plaintiff seeks review of United States Magistrate Judge Kathleen M. Tafoya's Recommendation of Magistrate Judge [Docket No. 213] (the "recommendation") dated August 1, 2018. Magistrate Judge Tafoya recommends that the Court grant defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P.

56 [Docket No. 175], which would grant summary judgment for defendants on the three claims remaining in this case. Plaintiff filed a timely objection. Docket No. 217. Defendants did not file a response.

## I. BACKGROUND

Plaintiff Delmart E.J.M. Vreeland II is a prisoner in the custody of the Colorado Department of Corrections ("CDOC").[1] On December 30, 2013, plaintiff filed this case. Docket No. 1. The three remaining claims are brought pursuant to 42 U.S.C. § 1983. Claim Three alleges that defendant Celia Schwartz, a legal assistant at Buena Vista Correctional Facility ("BVCF") retaliated against plaintiff by limiting his access to recorded calls and VCR tapes related to his underlying criminal case. Docket No. 35 at 14-18. Claim Four alleges that defendants Stephen Morgan and Georgia Wood, correctional officers at BVCF, retaliated against plaintiff by terminating him from his prison job and that the warden and associate warden of BVCF, defendants John Davis and William Brunell, allowed such retaliation. *Id*. at 19-25. Claim Five alleges that defendants David Cotton, a prison administrative service manager, Jeff Hansen, a prison inmate case manager, and Morgan retaliated against plaintiff by transferring him from BVCF to a different facility. *Id*. at 25-27.

On October 27, 2017, defendants filed a motion for summary judgment on all remaining claims. Docket No. 175. On December 16, 2017, defendants filed a supplement to the summary judgment motion, seeking summary judgment as to the

---

[1] The Court restates here only the procedural and factual history necessary to resolve plaintiff's objections. As the Court will overrule all of plaintiff's objections to the recommendation, the Court adopts and incorporates the recommendation's statement of facts. *See* Docket No. 213 at 3-5.

claims against Hansen.  Docket No. 188.

## II. STANDARD OF REVIEW

### A. *Pro se* status

The Court construes plaintiff's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  See *Hall*, 935 F.2d at 1110.

### B. Rule 72

When a magistrate judge issues a recommendation on a dispositive matter, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  See *id*. (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  *Id.*

### C. Rule 56

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d

at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Plaintiff makes four objections to the recommendation. First, plaintiff argues that certain materials submitted by defendants used in the recommendation are not admissible and accordingly cannot support summary judgment. Docket No. 217 at 6. Second, plaintiff objects to the recommendation's conclusion that he failed to exhaust administrative remedies as to Claim Three. *Id*. at 10-12. Third, plaintiff objects to the recommendation's conclusion that he failed to provide evidence that he had exhausted administrative remedies as to Claim Four. *Id*. at 13-17. Fourth, plaintiff objects to the recommendation's conclusion that defendants are entitled to summary judgment on Claim Five because plaintiff did not suffer an "adverse action" as a result of defendants' actions. *Id*. at 19-21.[2]

### A. Challenged evidence

Plaintiff argues that certain materials that the magistrate judge used in her recommendation are not "admissible in evidence" pursuant to Fed. R. Civ. P. 56(c)(2). Docket No. 217 at 6. Specifically, plaintiff argues that "the 2015 version of the CDOC AR 850-04" ("the 2015 AR 850-04"), Docket No. 175-1 at 6-15, is inadmissible because it "contains procedural rules which did not exist in 2013." *Id*. Plaintiff also argues that the affidavit of Anthony DeCesaro (the "DeCesaro affidavit"), Docket No. 175-1, is inadmissible because it relies on the inadmissible 2015 AR 850-04. *Id*. Plaintiff argues

---

[2] The Court grants plaintiff's Motion to Exceed Page Limits by Two Pages on Plaintiff Objection to Magistrate Recommendations (Doc. 213) [Docket No. 216].

5

that, with this evidence excluded, the magistrate judge's recommendation that plaintiff failed to exhaust administrative remedies as to Claims Three and Four must be overruled. *Id*.

In the summary judgment context, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "Parties may . . . submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). However, "the content or substance of the evidence must be admissible." *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995).

Both the 2015 AR 850-04 and the DeCesaro affidavit incorporating it would be admissible at trial. Mr. DeCesaro indicates that he has been employed as the Step 3 Grievance Officer since 2003 with CDOC, and that his duties include "responding to, investigating, and tracking all Step 3 grievances" within CDOC. Docket No. 175-1 at 1, ¶¶ 1-2. As a result, Mr. DeCesaro is able to testify about the information contained in the affidavit, which is based on his personal knowledge. *See Argo*, 452 F.3d at 1200 (noting that both Fed. R. Civ. P. 56(e) and Fed. R. Evid. 602 require affiants and witnesses to testify to "personal knowledge"). For example, his statement in the affidavit that "[t]he grievance procedures [set forth in the 2015 AR 850-04] were also in effect during the entirety of 2013" is within Mr. DeCesaro's personal knowledge. *See* Docket No. 175-1 at 2, ¶ 3. Similarly, Mr. DeCesaro's personal knowledge allows him to introduce the 2015 AR 850-04. Plaintiff fails to explain why the DeCesaro affidavit is

6

inadmissible rather than inaccurate; his objection that the 2015 AR 850-04 differs in some meaningful way from the procedures that existed in 2013 goes to whether or not there is a disputed material fact, not whether or not the affidavit is admissible at trial. Thus, the Court will overrule plaintiff's objection to the recommendation's reliance on both the 2015 AR 850-04 and the DeCesaro affidavit.

### B.  Claim Three

Next, plaintiff argues that the magistrate judge erred in granting summary judgment to defendant Schwartz on Claim Three. The magistrate judge concluded that plaintiff "failed to raise the issue of retaliation in his grievance;" thus, the grievance did not give CDOC "a fair opportunity to consider [p]laintiff's claims." Docket No. 213 at 11-12; *see Rachel v. Troutt*, 764 F. App'x 778, 783 (10th Cir. 2019) (unpublished) (noting that a grievance must "provide[] prison officials with enough information to investigate and address the inmate's complaint"). Accordingly, the recommendation concludes that plaintiff's claim should be dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e *et seq.* directs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). Exhaustion of administrative remedies under the PLRA is a question of law for the Court to decide. *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010). A remedy is not exhausted if

7

the prisoner fails to follow prison procedures for pursuing administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The exhaustion requirement is consistent with the purpose of the PLRA to "eliminate unwarranted federal-court interference with the administration of prisons" and "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id*. at 93 (quoting *Porter*, 534 U.S. at 525). An inmate, however, does not need to exhaust "unavailable" administrative remedies. An administrative remedy is unavailable when, for example, "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *see also Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust.") (internal quotation omitted).

Plaintiff objects to the magistrate judge's recommendation, arguing that he has presented evidence that his case manager advised him, verbally, "not to put the word 'retaliation' in the grievances against" defendant Schwartz, thwarting plaintiff's efforts to avail himself of the grievance process. Docket No. 217 at 11.[3] The magistrate judge rejected this argument on the grounds that the evidence offered by plaintiff would be inadmissible at trial as hearsay. Docket No. 213 at 12. Plaintiff argues that the alleged hearsay statement would be admissible, either because (1) plaintiff is "testifying to direct knowledge as to exactly what he" was told to do, or (2) because it is an admission

---

[3] Plaintiff also objects on the grounds that the DeCesaro affidavit and the 2015 AR 850-04 are inadmissible. As discussed above, the Court will overrule that objection.

by a party-opponent pursuant to Fed. R. Evid. 801(d)(2). Docket No. 217 at 12.

The Court agrees with plaintiff that the statement would be admissible. However, the Court nonetheless finds that plaintiff has not shown that the grievance process was "unavailable" to him. The Tenth Circuit has explained that, in order to show a genuine dispute of material fact as to whether administrative remedies were available, a prisoner must produce specific facts showing "(1) 'the threat, machination, or intimidation actually did deter him from lodging a grievance' and (2) 'the threat, machination, or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance.'" *See May v. Segovia*, 929 F.3d 1223, 1235 (10th Cir. 2019) (internal alterations omitted) (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)). Plaintiff – who did, in fact, file a grievance against Schwartz – has failed to meet his burden. At the time he filed the grievance, plaintiff was extremely familiar with the grievance system. *See* Docket No. 196-1 at 39, ¶ 51 (noting that plaintiff "filed approximately [twenty-five] grievances on [Schwartz] and her friend"); *Vreeland v. Coffman*, 663 F. App'x 597, 602 (10th Cir. 2016) (unpublished) (noting that plaintiff attempted to bring claims against Schwartz in a proposed amended complaint filed March 25, 2013). Even considering what plaintiff was told by his case manager, plaintiff's evidence does not show that he was deterred from continuing to utilize the grievance system, both with regard to Schwartz and in other situations. *See May*, 929 F.3d at 1235 (rejecting plaintiff's argument that a grievance process was unavailable where plaintiff filed twenty-nine other grievances as an allegedly tampered-with grievance in the same time period). Moreover, while plaintiff states that the case manager "advised [him] that [not mentioning retaliation] would force [Schwartz] to

respond in writing," see Docket No. 196-1 at 41, ¶ 61, the regulation governing grievances at the time stated that "[a]ll grievances shall be answered, *in writing*, at each level of decision and review." See Docket No. 175-1 at 12, ¶ 4 (emphasis added). A "reasonable inmate of ordinary firmness and fortitude" would conclude, based on the written procedure, that he would get a written response whether or not he used the word retaliation. *See May*, 929 F.3d at 1235. Thus, the Court ultimately agrees with the recommendation that plaintiff failed to exhaust administrative remedies and will grant summary judgment for defendant on Claim Three.

### C. Claim Four

Plaintiff next argues that the magistrate judge erred in recommending that summary judgment be granted as to Claim Four. Docket No. 217 at 15-18. The magistrate judge concluded that defendants submitted evidence that plaintiff did not complete the grievance process regarding this claim. Docket No. 213 at 13. The magistrate judge concluded that plaintiff's evidence to the contrary was solely "uncorroborated, self-serving and conclusory testimony" and that plaintiff failed to submit grievance forms to corroborate his conclusory statements. *Id*. at 14.

Plaintiff makes two objections. First, he argues that the evidence submitted by defendant actually shows that plaintiff did exhaust administrative remedies. Docket No. 217 at 17. Plaintiff points to paragraph twenty of the DeCesaro affidavit, which he argues demonstrates that he did pursue the grievance procedure to Step Three. Docket No. 175-1 at 4, ¶ 20. That paragraph states:

> 20. I have also reviewed whether [plaintiff] submitted any grievances related to his claim that he was terminated from employment in August

> 2013 as a result of retaliation by certain CDOC individuals. Following my review, I was unable to find any grievances and certify that [plaintiff] pursued the grievance procedure to the Step 3 level on issues regarding any alleged job termination or retaliation taking place in August 2013.

Plaintiff is correct that the second part of the second sentence of the paragraph states that Mr. DeCesaro "certif[ies] that [plaintiff] pursued the grievance procedure to the Step 3 level on issues regarding any alleged job termination or retaliation taking place in August 2013." *Id*. However, the first part of that sentence states that Mr. DeCesaro "was unable to find any grievances" related to his claim. The sentence is internally inconsistent and, as plaintiff admits, likely contains a typo. *See* Docket No. 217 at 17 (arguing that "if the statement is a[] typo that is too bad [for] the defense"). The Court need not rely on this language in the DeCesaro affidavit because there is no evidence of a Step 3 grievance anywhere in the record relating to job termination or retaliation in August 2013 other than in this sentence. For example, defendants offer an administrative log of staff interactions with plaintiff running from June 6, 2013 through June 5, 2015. *See* Docket No. 188-1. The administrative log includes, in August 2013, evidence of plaintiff pursuing Grievance Number R-BV 12/13-00042750 to Step 3. *See id*. at 7. As plaintiff submitted his Step 2 on that grievance in early July 2013, the grievance cannot be about a job termination or retaliation occurring in August 2013. There is no evidence of any further grievances filed after August 2013 while plaintiff was at BVCF. As there is no evidence in the record supporting Mr. DeCesaro's statement that plaintiff "pursued the grievance procedure to the Step 3 level on issues regarding any alleged job termination or retaliation taking place in August 2013," the Court finds that this evident typographical error in an otherwise properly supported

affidavit does not create a genuine dispute of material fact that would entitle plaintiff to defeat summary judgment. *See Anderson*, 477 U.S. at 249 (noting that "at the summary judgment stage the judge's function is . . . to determine whether there is a genuine issue for trial"). Thus, plaintiff's objection will be overruled, and the Court finds that defendants have made a prima facie showing that plaintiff failed to exhaust administrative remedies.

Second, plaintiff argues that he did, in fact, submit evidence that he pursued his grievance to the Step 3 level. Docket No. 217 at 17-18. Plaintiff points to his declaration in support of his response, where he states that he was "unable to submit any grievances on the issues of job termination in August 2013 because of threats, and denials of forms and the right to submit grievances by [d]efendant Hansen." Docket No. 196-1 at 48, ¶ 101. Plaintiff's declaration further states that "[the] denial was retaliatory and [prevented] me from exhausting administrative remedies." *Id*.[4] Plaintiff also indicates that he "retained the copy of the grievance and served it to the Court . . . as exhibit S." Docket No. 217 at 18.

Plaintiff's objection lacks merit. First, as to the copy of the grievance, the Court has reviewed the over seven hundred pages of supporting documents attached to defendant's response, *see* Docket No. 196, and is unable to identity the "copy of the grievance" that plaintiff argues he submitted. To the extent that plaintiff's argument is that the grievance is buried somewhere in the voluminous record before the Court, plaintiff has not made a sufficiently "specific reference to material in the record" that

---

[4] Despite this allegation, Hansen is not named as a defendant as to Claim Four.

would establish a genuine issue of material fact. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3(b)(ii) ("General references to pleadings, depositions, or documents are insufficient if the document is over one page in length.").[5] Second, as to plaintiff's declaration, the Court agrees with the magistrate judge that plaintiff's uncorroborated, self-serving, and conclusory testimony does not establish a genuine issue of material fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (noting that "conclusory and self-serving affidavits are not sufficient" to create a "[m]aterial factual dispute"). Plaintiff's statement in the affidavit that defendants' alleged actions were "retaliatory" and prevented him from exhausting administrative remedies merely "states, in the affiant's opinion, the legal conclusion the court should reach," which does not raise a material issue of fact for trial. *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1244 (10th Cir. 2010); *see also White v. Mullins*, 466 F. App'x 754, 754-55 (10th Cir. 2012) (unpublished) (holding that a plaintiff prisoner's affidavit stating that "copies of certain unspecified filings were taken from him" did not create an issue of fact as to whether plaintiff had exhausted administrative remedies). Plaintiff has repeatedly asserted that he "retained a copy of the grievance," yet plaintiff has failed to submit this supporting evidence to the Court. *See* Docket No. 35 at 24; Docket No. 196-1 at 48; Docket No. 217 at 18. Thus, the Court will overrule plaintiff's objection and enter summary judgment for defendants.

---

[5] Plaintiff's declaration indicates that the copy of the grievance is located in the complaint. *See* Docket No. 35 at 24, ¶ 5. The complaint states that "[d]efendant Hansen refused to submit the grievances and instead he would send them back to [p]laintiff with the words 'grievance denied' on the forms. Plaintiff retained these grievances so they could be [used] as evidence in this civil action." *Id*. However, the grievances themselves are not attached to the complaint.

13

### D. Claim Five

For his final objection, plaintiff argues that the magistrate judge erred in recommending that the Court grant summary judgment in favor of defendants Cotton, Hansen, and Morgan on Claim Five. Docket No. 217 at 19-20.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: "(1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 730 (10th Cir. 2011) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). In the prison context, "a plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotations omitted).

The magistrate judge concluded that the undisputed evidence showed that plaintiff could not prove the second element – that he suffered an adverse action. Docket No. 213 at 15-16. Specifically, defendants' evidence showed that (1) plaintiff's transfer was due to a reduction of his custody points; (2) the transfer would have taken place regardless of whether plaintiff filed grievances and lawsuits; and (3) the decision

14

to transfer plaintiff came from Department of Corrections headquarters. *Id*. at 16 (citing Docket Nos. 175-15, 175-16, 175-17, 175-18, 175-19, and 188-1). As plaintiff presented no evidence or argument to the contrary, the magistrate judge concluded that there was no genuine dispute as to whether the second element was met. *Id*. Plaintiff objects, arguing that (1) the jury could find that plaintiff's transfer was caused by defendant Hansen rather than DOC based on Hansen's statement that he "got rid of" plaintiff and that (2) the "retaliation" is the "adverse action" and, presumably, there is no need for him to present evidence of an adverse consequence. Docket No. 217 at 20-21.

Plaintiff's claim fails because he has not demonstrated a causal connection between the retaliatory motive and his prison transfer. *Peterson*, 149 F.3d at 1144; *McBeth v. Himes*, 598 F.3d 708, 719 (10th Cir. 2010) ("If there is a finding that retaliation was not the but-for cause of the adverse action, the claim fails for lack of causal connection . . . despite proof of some retaliatory animus in the official's mind." (alterations and quotation marks removed)). The evidence shows that plaintiff's transfer was part of the "Close Custody Realignment Project" ("CCRP") and was ordered, not by staff at BVCF, but by the Executive Director of the Department of Corrections. Docket No. 175-15; Docket No. 188-1 at 6. Plaintiff became part of the CCRP because of a reduction in his custody points, which reduced his custody classification from "close" to "medium" custody. Docket No. 175-17 at 2. This reduction in custody points was determined by Ryan Fisher, who is not a defendant in this case. *Id*. Accordingly, defendants' alleged retaliatory motive cannot be the "but-for" cause of plaintiff's transfer because plaintiff would have been transferred whether or not

15

defendants harbored a retaliatory motive. *See McBeth*, 598 F.3d at 719; *Walker v. Scherbarth*, 676 F. App'x 815, 821 (10th Cir. 2017) (unpublished) (citing *McBeth*, holding that inmate's retaliation claim failed because his placement on a restricted privileges status would have taken place regardless of retaliatory motive).

Plaintiff's objections to the recommendation are not persuasive. First, defendant Hansen's statement that he "finally got [plaintiff] out of [Buena Vista]" cannot bear the weight that plaintiff places on it. *See* Docket No. 196-6 at 2. Plaintiff argues that the statement "reveals that [Hansen] got [p]laintiff transferred." Docket No. 217 at 20. However, the statement is contradicted by the evidence in the record showing that the order to transfer plaintiff came from the Department of Corrections and relied on a custody designation that defendant Hansen had nothing to do with. This does not create a disputed fact for the jury; even if a jury were to credit Hansen's statement, it would not suffice to show that, given the unchallenged evidence that plaintiff would have been transferred even without Hansen's involvement, defendants' retaliatory motive was the but-for cause of any adverse consequence suffered by plaintiff. Second, plaintiff's objection that he does not need to show an injury because "[r]etaliation is the injury" is not supported by the case law. Rather, plaintiff must connect the retaliatory act taken by defendants to some injury suffered by plaintiff. *See Leverington*, 643 F.3d at 730; *Peterson*, 149 F.3d at 1144. This he cannot do, for the reasons discussed above. Thus, the Court will overrule plaintiff's objections and adopt the recommendation as to Claim Five.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Exceed Page Limits by Two Pages on Plaintiff Objection to Magistrate Recommendations (Doc. 213) [Docket No. 216] is **GRANTED**. It is further

**ORDERED** that Plaintiff Objections to Magistrate Recommendations [Docket No. 217] are **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 213] is **ADOPTED** to the extent that it is consistent with this order. It is further

**ORDERED** that defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Docket No. 175] is **GRANTED**. It is further

**ORDERED** that plaintiff's Motion for Ruling on Outstanding Pleadings [Docket No. 218] is **DENIED AS MOOT**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED August 19, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

17