IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03515–PAB–KMT

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant II, Colorado Department of Corrections, Buena Vista Correctional Facility,
LIEUTENANT S. MORGAN, BVCF/North Unit, Colorado Department of Corrections, Buena Vista Correctional Facility,
SERGEANT G. WOOD, BVCF/North Unit, Colorado Department of Corrections, Buena Vista Correctional Facility,
JEFF HANSEN, BVCF/North Unit, Colorado Department of Corrections, Buena Vista Correctional Facility,
DAVID COTTEN, Administrative Service Manager, Colorado Department of Corrections, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Colorado Department of Corrections, Buena Vista Correctional Facility, and
JOHN DAVIS Warden, Colorado Department of Corrections, Buena Vista Correctional Facility,

    Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion to Stay Bill of and Taxation of Costs" (Doc. No. 233, filed September 19, 2019). Defendants filed their response on October 10, 2019 (Doc. No. 241), and Plaintiff filed his reply on October 23, 2019 (Doc. No. 244).

In his motion, Plaintiff objects to the taxing of costs for several reasons. First, Plaintiff contends that the Bill of Costs was submitted by a nonparty to this action. (Doc. No. 233, ¶ 1.) Plaintiff made this same argument in his written objections to the proposed costs. (Doc. No. 229

at 2.) The Deputy Clerk overruled this argument at the hearing on the Bill of Costs and noted that, "Counsel who filed the Bill of Costs (Mr. Woodward of the Colo. Attorney General's office) represents the individual defendants and employees of the CDOC, all of whom were awarded costs in the Final Judgment." (Doc. No. 231 at 1.) The court agrees with the Deputy Clerk.

Second, Plaintiff argues that the Bill of Costs sought costs that were not taxable. (Doc. No. 233, ¶ 2.) Plaintiff also made this argument in his written objections. (Doc. No. 229 at 3.) However, at the hearing on the bill of costs, the disputed costs were resolved when Plaintiff and Defendants' counsel agreed to defer a decision by the Clerk regarding the disputed printing costs until the resolution of a pending, related case, *Vreeland v. Tiona*, 17-cv-01580-PAB-SKC, and the Deputy Clerk declined to award Defendants their travel expenses. (Doc. No. 231 at 1.) Accordingly, the costs disputed by Plaintiff were not awarded to Defendant, and Plaintiff's argument is moot.

Third, Plaintiff argues that Defendants made no attempt to confer regarding their request for costs, as required by D.C.COLO.LCivR 54.1. This assertion is false. Defendants sent Plaintiff a letter of conferral regarding their request for costs on September 9, 2019. (Doc. No. 241-1; *see also* Doc. No. 230, ¶ 4.)

Fourth, Plaintiff argues that he submitted a timely objection to Defendants' Bill of Costs. (Doc. No. 233, ¶ 5.) However, Plaintiff's objections were considered by the Deputy Clerk and overruled. (Doc. No. 231.) This is not a basis upon which to stay the costs award.

Finally, Plaintiff also seeks a stay of the taxation of costs because he has appealed this case to the Tenth Circuit Court of Appeals. (Doc. No. 233, ¶ 6.) Federal Rule of Civil Procedure

Rule 62(b) allows an appellant to stay execution of a judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(b). "In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay." *Farm Bureau Life Ins. Co. v. American Nat. Ins. Co.*, No. 2:03 CV 646 (TC), 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009); (citing *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir.2006); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir.1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2905 (2d ed.1995)). Courts have the discretion to reduce or waive the security required pursuant to Rule 62(b) only in unusual circumstances. *Id.* (citing *Miami Intern. Realty v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)). "In most cases, courts are simply unwilling to accept a bond that represents less than the full amount of assessed judgment." *Id.* (citations omitted). Plaintiff, as the party seeking the stay, has the burden of demonstrating objectively that posting a full supersedeas bond is impossible or impractical. *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1; *Miami Intern. Realty*, 807 F.2d at 873. Here, Plaintiff has failed to justify a reduction or waiver of the supersedeas bond requirement. Accordingly, to the extent Plaintiff seeks a stay of the costs award, Plaintiff must post a supersedeas bond in the amount of $2,673.12 in order to be granted a stay pursuant to Rule 62(b). *See Physicians Ins. Capital, LLC v. Praesidium All. Grp., LLC*, 2013 WL 5232817, at *1 (N.D. Ohio Sept. 16, 2013) ("[A] stay is a matter of right where the appellant posts a satisfactory supersedeas bond."); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) (noting that Fed. R. Civ. P. 62(b) [formerly Fed. R. Civ. P. 62(d)] "provides for an automatic stay pending appeal upon the posting of a supersedeas bond").

Wherefore, it is

**ORDERED** that Plaintiff's "Motion to Stay Bill of and Taxation of Costs" (Doc. No. 233) is **DENIED**.

Dated this 30th day of October, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge